**Charles L. HACKWORTH, Plaintiff,**

v.

**AMOCO OIL COMPANY, Defendant.**

Civ. A. No. 81–K–389.

United States District Court,
D. Colorado.

April 27, 1982.

Hugh A. Burns, Phillip S. Figa, Burns & Figa, Denver, Colo., for plaintiff.

David L. Doyle, Chicago, Ill., Terry Noble Fiske, Deborah J. Friedman, Kirkland & Ellis, Denver, Colo., for defendant.

MEMORANDUM OPINION AND ORDER

KANE, District Judge.

The plaintiff in this antitrust case leased a service station from the defendant and operated it. He states two claims for relief. First, he alleges that the defendant engaged in price discrimination in violation of section 2(a) of the Robinson-Patman Act, 15 U.S.C. § 13(a), by selling its products at a lower price to one of plaintiff's competitors. Second, he alleges that the defendant unlawfully tied the purchase of defendant's products to the lease, in violation of section 1 of the Sherman Act, 15 U.S.C. § 1. This court has subject-matter jurisdiction to hear these claims under various statutes including 28 U.S.C. §§ 1331, 1337.

The defendant answered and included three affirmative defenses. The third defense is that the matter about which the plaintiff complains did not violate the federal antitrust laws because of the "pervasive regulation of gasoline prices and customer-supplier relationship under federal statutes and regulations, including the Emergency Petroleum Allocation Act of 1973, 15 U.S.C. § 751 et seq."

The plaintiff moved to strike this defense, pursuant to F.R.Civ.P. 12(f), and alternatively, for partial summary judgment on this issue, pursuant to F.R.Civ.P. 56(d). He argues that the case law is clear that the Emergency Petroleum Allocation Act and regulations "afford no defense to the antitrust claims raised in the [c]omplaint." Although this is essentially a legal argument, he also relies on some discovery materials in which the defendant denied that the act was not a defense and refused to elaborate because doing so would require legal briefing. Each side has filed briefs and the motion is now ripe for determination.

The plaintiff relies on three cases, which he says, "state unequivocally that the Act and any related regulations were not intended to preempt federal antitrust laws and did not create any blanket or implied immunity for alleged discriminatory pricing and market practices such as those alleged in the [c]omplaint." Because I conclude that his argument is without merit, I deny the motion.

In Hasbrouck v. Texaco, Inc., 663 F.2d 930 (9th Cir. 1981), the court reversed a trial court's granting of a judgment notwithstanding the jury's verdict. However, the court affirmed the trial court on two issues.

The first issue involves the appellee's claim of implied antitrust immunity for its pricing policies during the period of federal mandatory gasoline price ceilings. The trial court correctly rendered partial summary judgment against this claim. See Oahu Gas Service, Inc. v. Pacific Resources, Inc., 460 F.Supp. 1359 (D. Hawaii 1978); Inter City Oil Corp. v. Murphy Oil Corp., [1976]–1 Trade Cases (CCH) ¶ 60,-948 (D.Minn.1976); but see Evanson v. Union Oil Co., 4 En.Mngm't (CCH) ¶ 26,-158 (D.Minn.1979).

663 F.2d at 933. Because the appellate court did not elaborate at all on the nature of the appellee's claim or on the extent or its own holding, this case is not helpful in determining the extent of any antitrust immunity created by the Emergency Petroleum Allocation Act. Rather, I consider the three cited cases which contain analysis of this issue.

In Oahu Gas Service, Inc. v. Pacific Resources, Inc., 460 F.Supp. 1359, 1365–84 (D. Hawaii 1978), Judge King wrote an extensive and well-reasoned opinion on the scope of antitrust immunity created by the various federal statutes and regulations affecting energy sales. Rather than repeat that analysis here, I will summarize the parts that are relevant to the present motion. Judge King first concluded that federal energy regulation was not so extensive as to give the entire industry blanket immunity from the antitrust laws:

. . . I conclude that the federal petroleum regulatory program is not so pervasive as to warrant a sweeping, industry-wide, blanket immunity. Neither would it be proper to imply a blanket immunity on 'necessity' grounds. The statutory language and history of the regulatory scheme evidence a clear Congressional in-

tent to intrude as little as possible into those areas protected by the antitrust laws. Therefore, while a more focused analysis may reveal some areas of activity in the petroleum industry where implied immunity may be proper and necessary, it cannot be said at this point that the objectives of regulatory program as a whole would be frustrated unless the operation of the antitrust laws were suspended.

*Id.* at 1375. Judge King also concluded that none of the sectors of the energy industry that were involved in the case were covered by a blanket immunity. *Id.* He next considered whether any of the specific conduct in the case was covered by specific immunity and concluded that the defendant was not entitled to any specific immunity. *Id.* at 1376–84. He also noted, however,

> This is not to say, of course, that the FEA could not be some *specific* regulation or ruling sanction conduct which the antitrust laws would hold in disfavor, thereby presenting the court with focused and concrete specific immunity issues. In such a case the court would apply the formula for analyzing specific immunity issues to determine the existence and extent of conflict, and the intent of Congress.

*Id.* at 1377 (emphasis in original). Thus, far from stating unequivocally that the energy statutes and regulations never implied antitrust immunity, Judge King only held that they did not in the case before him.

In *Inter City Oil Co. v. Murphy Oil Corp.* (1976) CCH Trade Regulation Reports ¶ 60,-948 (D.Minn.1976), Judge Larson also engaged in a detailed analysis on possible antitrust immunity created by federal energy statutes and regulations. Like Judge King, he concluded that there was no blanket immunity for the defendant's actions. *Id.* at 69,178. He did find, however, that there was specific immunity for some of the defendant's actions:

... the Court concludes that Congress intended antitrust scrutiny to be removed where the conduct at issue is specifically regulated by the FEA. The nature of the defense itself contemplates that it is for an antitrust court to determine that the regulations mean, what conduct is the result of regulatory compulsion, and what conduct is thus not restrained.

*Id.* at 69,182.

In *Evanson v. Union Oil Co. of California,* [1979] CCH Trade Regulation Reports ¶ 62,-888, 4 En.Mngm't (CCH) ¶ 26,158 (D.Minn. 1979), the court considered the reverse situation. There the defendant argued that it could not comply with the federal energy statutes and regulations because it would incur antitrust liability by so doing. The court rejected this defense, stating

> If Union complied with ESA, EPAA, the regulations and Ruling 1975–2 but violated the Robinson-Patman Act in so acting, it does not incur antitrust liability since the later enacted regulatory scheme is preemptive of the antitrust laws in that situation.

▇▇▇ I conclude that the federal energy statutes and regulations do not afford blanket immunity to the entire energy industry. Whether they afford blanket immunity to any sectors of the energy industry that are involved in the present case is an issue that neither party has briefed and that I therefore do not resolve on this motion. I also cannot determine whether any particular conduct of the defendants is entitled to specific immunity without considering detailed facts that are not presently before me.[1] These issues may be raised by either party on an appropriately detailed motion for partial summary judgment after the necessary discovery has been completed.

IT IS ORDERED that plaintiff's motion to strike defense or for partial summary judgment is denied. It is further

---

1. In his reply brief the plaintiff argues that F.R.Civ.P. 56(e) requires that defendant to come forth with detailed facts in opposing a motion for partial summary judgment. This would be true if the plaintiff had offered facts showing that the defendant was not entitled to any antitrust immunity based on federal energy statutes and regulations. However, because the plaintiff did not offer any detailed facts either, he cannot claim that he is entitled to partial summary judgment on the uncontroverted facts.

ORDERED that defendant's motion for oral argument, filed February 26, 1982, is denied.